# Exhibit 3

Case 4:15-cv-01485   Document 1-6   Filed in TXSD on 06/02/15   Page 2 of 12

4/28/2015 5:20:44 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5072492
By: Charlie Tezeno
Filed: 4/28/2015 5:20:44 PM

CAUSE NO. _____

| | | |
|---|---|---|
| BRIAN WHITE and | § | IN THE DISTRICT COURT OF |
| ROSLYN SCHOFFSTALL, on behalf of | § | |
| themselves and all others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CORKEY TURNER, TURNER | § | |
| RESTAURANTS, d/b/a CASA OLE' | § | |
| MEXICAN RESTAURANT, and | § | |
| MEXICAN RESTAURANTS, INC | § | |
| | § | |
| | § | |
| Defendants. | § | \_\_\_ JUDICIAL DISTRICT |

## **PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

Plaintiffs BRIAN WHITE and ROSLYN SCHOFFSTALL, individually and as representatives of a collective class of similarly-situated persons, respectfully come before this Court and assert the following factual allegations and causes of action against Defendants MEXICAN RESTAURANTS, INC, CORKEY TURNER, and TURNER RESTAURANTS d/b/a CASA OLE' MEXICAN RESTAURANT.

### I.   DISCOVERY

Plaintiff pleads that discovery in this matter shall be conducted pursuant to Rule 190.3 (Level II) of the Texas Rules of Civil Procedure.

### II.   PARTIES

Plaintiff BRIAN WHITE is an individual residing in Harris County, Texas. He has been employed as a waiter at Defendants' Casa Ole' Mexican Restaurant for over two years. At all times herein mentioned, Plaintiff White was an employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206 and 207.

Plaintiff ROSLYN SCHOFFSTALL is an individual residing in Harris County, Texas. She has been employed as a waiter at Defendants' Casa Ole' Mexican Restaurant for several years. At all material times, Plaintiff Schoffstall was an employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206 and 207.

Defendant CORKEY TURNER is an individual residing in Pasadena, Harris County, Texas. He is the founder and president of Defendant Turner Restaurants. Through his company, Turner Restaurants, he owns and operates two Case Ole' Mexican Restaurant franchises—located in Pearland and Pasadena, Texas. As owner and operator of these restaurants, Mr. Turner institutes and enforces the illegal compensation practices making the basis of this lawsuit. At all material times, Defendant Turner was an employer as required by 29 U.S.C. §§ 206, 207, and 211. Defendant Turner may be served with process at his residence, 6311 Avenel Drive, Pasadena, Texas 77505.

Defendant TURNER RESTAURANTS is an unregistered business entity doing business in Texas as Casa Ole' Mexican Restaurant. At all material times, Defendant Turner Restaurants was an employer as required by 29 U.S.C. §§ 206, 207, and 211.  It can be served at its principle place of business at 7750 Spencer Highway, Pasadena, Texas 77504.

Defendant MEXICAN RESTAURANTS, INC. is a Houston, Texas based company registered to do business in Texas. Defendant's Case Ole' restaurants operate in thirty-two locations across Texas and Louisiana, including those restaurants that are part of Turner Restaurants. Plaintiffs believe that Defendant Mexican Restaurants institutes, encourages, and/or has knowledge of the illegal compensation practices making the basis of this lawsuit and has not acted to remedy the problem. At all material times, Defendant Mexican Restaurants, Inc. was an employer as required by 29 U.S.C. §§ 206, 207, and 211.  Defendant can be served through its

registered agent, Capitol Corporate Services, Inc., at 800 Brazos, Suite 400, Austin, Texas 78701.

## II.     JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this lawsuit. Plaintiffs' claims involve Federal Statutory Claims over which this court has concurrent jurisdiction under 29 U.S.C. § 216(b). The amount in controversy is within this Court's jurisdictional limit. This Court has personal jurisdiction over the parties. All the parties are either individual or corporate residents of the State of Texas, have sufficient minimum contacts with the State of Texas, and/or have purposefully availed themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice.

This Court is the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). A substantial part of the events making the basis of this lawsuit occurred in Harris County, Texas. This Court is also the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2). All Defendants reside or have their principal place of business in Harris County, Texas.

## III.    RELEVANT FACTS

This case involves claims for unpaid wages under the Fair Labor Standards Act. (FLSA). Plaintiffs and the putative class members are waiters and waitresses at Defendants' restaurants. As a condition of employment they are required to spend a substantial amount of their work day performing unrelated non-tipped work.  This non-tipped work is in excess of 20% of their working hours and includes (but is not limited to):

        1      Rolling silverware.

        2      Cleaning chip machines.

       3       Mixing salsa.

       4       Stocking shelves.

       5       Making tea,

       6       Opening and closing the restaurant.

       7       Other cleaning and maintenance tasks.

These tasks are often performed at specifically-designated times in Plaintiffs' and the putative class members' shifts, during which Plaintiffs and the putative class members are not engaged in other tipped work.

Despite the non-tipped nature of this work, Plaintiffs and the putative class members are only compensated at $2.13 an hour for these tasks.

In the event that one of the Plaintiff's and the putative class members' total hours for the week exceed forty-hours, that Plaintiff (or putative class member) is often not compensated for this additional time at all.

Defendants have received complaints of their pay practices from employees, yet continue to under-compensate Plaintiffs and the putative class members.

As a result of the these compensation policies, Plaintiffs and the putative class members have been illegally denied substantial amounts of wages they have rightfully earned and are entitled to as outlined below.

## IV.    CAUSES OF ACTION

A.    *Violation of the Fair Labor Standards Act 29 U.S.C. §206(a)*

1    Plaintiffs incorporate by reference the preceding paragraphs.

2    29 U.S.C. §206(a) provides that "every employer shall pay to each of his employees" at least "$7.25 an hour" for services provided.

29 U.S.C. §203(m) provides an exception to this rule for "tipped employees" that allows employers to pay such employees $2.13 an hour for "tipped labor," provided that the tips received for that labor are sufficient to make up the difference between this lower wage and the mandated minimum wage.

The law defines a "Tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."[1]

When a tipped employee is required to perform "unrelated non-tipped work or related non-tipped work in excess of 20 percent of his work-day," he is deemed to be a "dual job" employee and must be paid at the minimum wage rate for non-tipped employees for the time he spends completing non-tipped work.[2]

Here, Plaintiffs and the putative class members are employed as waiters and waitresses at Defendants' restaurants. Plaintiffs and the putative class members concede that they are "tipped-employees" under 29 U.S.C. §203(t) when engaged in waiting tables. However, in addition to this tipped-role, Plaintiffs and the putative class members are also required to perform the following unrelated tasks:

1    At least once a week each waiter is required to work an opening shift. A waiter working the opening shift is required to arrive at the restaurant an hour early. During that extra time he is required to complete various maintenance tasks, including but not limited to, rolling silverware, making salsa, making tea, stocking shelves, and cleaning and refilling various equipment such as chip machines.

---

[1] 29 U.S.C. §203(t).
[2] *Driver v. Appleillinois, LLC*, 739 F.3d 1073, 1076 (7th Cir. 2014); 29 C.F.R. § 531.56(e).

2    At least once per shift, each waiter is expected to spend a block of approximately thirty minutes rolling silverware into napkins. This time, where tips are not earned, may be increased during any given shift if the waiter is unlucky enough to be "cut from the board." Being cut from the board is a procedure by which Defendants' reduce the number of waiters serving tables when the restaurant is less busy. Those "cut from the board" are no longer permitted to serve customers and receive tips, but instead are required to perform various maintenance tasks, primarily rolling silverware. Once cut from the board, an employee can spend as much as two hours in a given shift rolling silverware and doing other maintenance tasks.

.3    Wait staff that are scheduled for a closing shift are required to stay fifteen to thirty minutes after the restaurant is closed. During that time, they are required to perform various cleaning and maintenance tasks and do not receive tips.

4    While engaged in all of these tasks, Plaintiffs and the putative class members are not permitted to wait tables, and do not receive tips. Nonetheless, Defendants pay Plaintiffs and the putative class members at the same rate as they would earn for tipped-work—i.e., $2.13 per hour.

Defendants knew or showed reckless disregard for the matter of whether these compensation practices were prohibited by the FLSA.

Accordingly, Plaintiffs and the putative class members are entitled to damages as outlined below.

B.     *Violation of the Fair Labor Standards Act 29 U.S.C. §207(a)(1)*

Plaintiffs incorporate by reference the preceding paragraphs.

Section 207(a)(1) of the Act provides; "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce, or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in  excess of the hours above specified at a rate not less than one and one-half times of regular rate as at which he is employed."

On multiple occasions Defendants required Plaintiffs and the putative class members to report to work for more than forty hours a week.

When Plaintiffs' and the putative class members' work-hours exceeded forty, Defendant would not pay Plaintiffs or the putative class members at all for those over-time hours and would not note those hours on Plaintiffs' or the putative class members' checks or timesheets.

Accordingly, Defendants failed to compensate Plaintiffs and the putative class members according to the Fair Labor Standards Act. 29 U.S.C. §207.

Accordingly, Plaintiffs are entitled to damages as outlined below.

C.     *Violation of the Fair Labor Standards Act 29 U.S.C. §211(c)*

4.15     Plaintiffs incorporate by reference the preceding paragraphs.

By failing to record Plaintiffs' and the putative class members' hours, Defendants have also violated Section 211(c).

Section 211(c) provides: "Every employer subject to any provisions of this chapter or any order issued under this chapter shall make, keep, and preserve such records of the persons

employed by him and of the wages, hours and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time."

Defendants failed to make, keep, and preserve records regarding Plaintiffs' and the putative class members' wages, hours, and other conditions of Plaintiffs' and the putative class members' employment.

Accordingly, Plaintiffs and the putative class members are entitled to damages as outlined below.

## V.    EXEMPLARY/PUNITIVE DAMAGES

Plaintiffs incorporate by reference the preceding paragraphs.

Defendants' continuing conduct, including that of its directors, managers, agents, servants, and employees, acting within the scope of their employment, constituted a willful, malicious, and/or reckless disregard that its conduct was prohibited by the Fair Labor Standards Act.

Defendants knew or showed reckless disregard for the fact that its employment and compensation practices were in violation of the Fair Labor Standards Act which are more specifically described as follows:

1    Failing to pay Plaintiffs and the putative class members the required wage for non-tipped work;

2    Falsifying time sheets;

3    Keeping false records;

4    Failing to compensate Plaintiffs and the putative class members for all overtime hours worked; and

5    Failing to maintain accurate employment records.

Defendants are liable for willful and malicious violations of the act in relation to their employees.

## VI.    VICARIOUS LIABILITY.

Plaintiffs believe that CORKEY TURNER, TURNER RESTAURANTS d/b/a CASA OLE' MEXICAN RESTAURANT, and MEXICAN RESTAURANTS, INC. exhibit control over the policies and practices of their various restaurant locations.

Defendant MEXICAN RESTAURANTS, INC., as the parent company, exhibits control over the policies and practices of all Casa Ole' restaurants including any franchisees or licensees. This control includes, but is not limited to, control over the decoration and appearance of the restaurant, training of employees, menu items, minimum standards for food and service, hiring practices, and the compensation practices making the basis of this lawsuit.

Plaintiffs believe that all Defendants institute, encourage, and/or have knowledge of the illegal compensation practices making the basis of this lawsuit and have not acted to remedy the problem.

At all times mentioned herein, those individuals instituting, enforcing, and/or encouraging the illegal compensation practices making the basis of this lawsuit were agents or employees of Defendants, acting within the scope of their agency or employment, and/or with the full knowledge of Defendants.

Defendants are therefore vicariously liable for the illegal employment practices carried out by their agents or employees.

## VII.   DAMAGES

Pursuant to TEX. R. CIV. P. 47(c), Plaintiffs seek monetary relief of over $1,000,000.  As a direct and proximate result of the unlawful employment practices outlined above, Plaintiffs and the putative class members have suffered the following actual damages:

1   Unpaid wages;

2   Unpaid overtime compensations;

3   Liquidated damages;

4   Lost wages;

5   Exemplary damages;

6   Attorney's fees;

7   Litigation costs; and

8   All other legal or equitable relief this Court may deem appropriate.

## VIII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

## IX.   PRAYER

Plaintiffs pray that Defendants be cited according to law to appear and answer herein and that upon final trial, Plaintiffs have judgment against Defendants as follows:

1   An order certifying the collective class;

2   An award of actual damages as outlined above;

3   An award of liquidated damages equal to the amount of unpaid wages as allowed by 29 USCS § 216(b);

4   An award of attorneys fees and litigation costs as allowed by 29 USCS § 216(b);

  5  An award of pre-judgment interest;

  6  An award of post-judgment interest;

  7  Any other relief the Court determines is just under the circumstances.

## X. REQUEST FOR DISCLOSURE

Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendants disclose the information or material described in TEX. R. CIV. P. 194.2 within 50 days of service of this request.

            Respectfully submitted,

            THEMEYERSON LAW FIRM, P.C.
            2224 Walsh Tarlton Lane, Suite 120
            AustinTexas 78746
            P: (512) 330-9001 │ F: (512) 330-9005
            E: jeffm@meyersonfirm.com
              chancew@meyersonfirm.com

By: _____
    JEFF M. MEYERSON, TSB No. 00788051
    CHANCE WELDON, TSB No. 24076767
    COLE E. GUMM, TSB No. 24088963
    Attorneys for Plaintiff