United States District Court
Southern District of Texas
**ENTERED**
March 21, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BRIAN WHITE and ROSLYN SCHOFFSTALL, *on behalf of themselves and all others similarly situated*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § § | CIVIL ACTION NO. H-15-1485 |
| CORKEY TURNER, TURNER RESTAURANTS, *d/b/a* CASA OLÉ MEXICAN RESTAURANTS,  and MEXICAN RESTAURANTS, INC., | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

## I.  Background

Brian White and Roslyn Schoffstall worked as waitstaff at a Houston-area Casa Olé restaurant.  In this lawsuit, they allege that they are required to spend over 20 percent of each working day on tasks that do not allow them to collect tips, such as rolling silverware, mixing salsa, making tea, and cleaning, and that they were paid far below minimum wage for the hours spent on these tasks.  They also allege that when they work more than 40 hours in a workweek, they do not receive pay for these hours, even at regular hourly rates, and that this time is removed from their time sheets.  White and Schoffstall allege that these practices violate the Fair Labor Standards Act requirements to pay minimum wage for time spent on non-tipped work, to pay for all hours worked, to pay overtime hours at overtime rates, and to keep accurate records.  29 U.S.C. § 201, *et seq*.

The Casa Olé restaurant where White and Schoffstall worked is owned and operated by Corkey Turner and Turner Restaurants (together, "Turner Restaurants"), under a franchise agreement with Mexican Restaurants Inc. ("MRI").  MRI directly owns and operates other Casa Olé restaurants.  White and Schoffstall allege that the same illegal compensation practices they were subject to are applied at all 32 of the Casa Olé restaurants, both those owned and operated by MRI and those franchised and owned and operated by Turner Restaurants.  These representative plaintiffs moved for conditional collective-action certification and issuance of notice to those who work or worked at any of these Casa Olé restaurants over the past three years.  (Docket Entry No. 13).  White and Schoffstall allege that at the Turner-Restaurants-owned Casa Olés, Turner Restaurants and MRI are joint employers.

White and Schoffstall worked only at a Turner-Restaurant-owned Casa Olé.  Additional individuals have signed consent-to-join forms to opt in if the action is conditionally certified.  One of these individuals, Maxine McInnis, worked at different times for both an MRI-owned and a Turner-Restaurant-owned Casa Olé.  Another, Celia Uribe, worked only for an MRI-owned Casa Olé.  After the motion for conditional certification was filed, but before it was granted, MRI moved to compel McInnis and other MRI-owned Casa Olé restaurant members who are members of the putative collective action to arbitrate their FLSA claims against MRI.  In support, MRI asserted and presented evidence that it required all employees during the relevant period to sign written agreements requiring arbitration of all employment-related disputes with MRI, including FLSA claims.  (Docket Entry No. 18).  Turner Restaurants did require signed arbitration agreements as a condition of employment.

MRI acknowledged that it no longer has a copy of the agreement McInnis signed because

her employment ended over three years ago, and MRI's routine document retention and destruction policy called for the destruction of personnel files three years after "separation." (*Id.*, p. 3). MRI has produced copies of arbitration agreements for other employees at MRI-owned Casa Olés who White and Schoffstall referred to in the pleadings.

White and Schoffstall argue in response that the court should deny the motion to compel because: 1) MRI has not and cannot produce a written arbitration agreement for McInnis or for every putative class member, as the best evidence rule requires; 2) some putative class members may be minors and therefore lack the capacity to enter into an enforceable arbitration agreement; and 3) some putative class members may not speak or read English, making any agreement unenforceable. White and Schoffstall do not assert that the second or third arguments apply to either Uribe or McInnis. They argue instead that the court should deny the motion to compel and defer considering arbitrability until after the court orders notice, the opt-in period ends, and they can conduct discovery into the existence of written agreements and their enforceability for those who opt in. (Docket Entry No. 22 at p. 5-7).

The court has previously granted the motion for conditional certification and issuance of notice as to the employees at the two Turner-Restaurants-owned Casa Olés. The court also ruled that MRI and Turner Restaurants were not joint employers of those working at only Turner-Restaurants-owned Casa Olés. The court allowed the parties to submit added authority addressing whether and when to conditionally certify an FLSA collective action in the face of a motion to compel arbitration and the possibility of state-law defenses that could defeat arbitrability. MRI submitted supplemental authorities. (Docket Entry No. 44).

Based on the pleadings; the motions, responses and replies; the arguments of counsel; the

record; and the relevant law; the court grants MRI's motion to compel arbitration, (Docket Entry. No. 18), and denies the motion for conditional certification of a class of current and former employees of MRI-owned Casa Olés within the three years before this action was filed, (Docket Entry No. 13). This decision does not alter the court's previous ruling conditionally certifying and issuing notice to a class of current and former employees of Turner-Restaurants-owned Casa Olés within the three years before this action was filed.

The reasons for these rulings are explained below.

## II.     Analysis

### A.     The Legal Standard for a Motion to Compel Arbitration

District courts must enforce valid arbitration agreements under the Federal Arbitration Act, 9 U.S.C. § 2. Under the FAA, federal courts first determine whether a valid agreement to arbitrate exists and, if so, whether it covers the parties' disputes. *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 452 (2003); *Tittle v. Enron Corp.*, No. 05-20380, 2006 WL 2522444, at *6 (5th Cir. Sept. 1, 2006) (quoting *Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996)). "Generally under the FAA, state law governs whether a litigant agreed to arbitrate, and federal law determines the scope of the arbitration clause." *In re Weekley Homes*, 180 S.W.3d 127 (Tex. 2005); *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1077–78 (5th Cir. 2002), *opinion supplemented on denial of rehearing*, 303 F.3d 570 (5th Cir. 2002) (same). These are generally issues for the courts to decide. *Green Tree,* 539 U.S. at 452. Questions of contract interpretation relevant to these issues are decided under "ordinary state-law principles that govern the formation of contracts." *Webb*, 89 F.3d at 258 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995)); *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

If there is a binding agreement to arbitrate, the court then decides whether the agreement covers the parties' dispute. *Green Tree,* 539 U.S. at 452; *Tittle*, 2006 WL 2522444, at *6. Once a valid arbitration agreement is found, the FAA's "strong national policy favoring arbitration of disputes" applies, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, L.L.C. v. Bailey,* 364 F.3d 260, 263 (5th Cir. 2004) (quotations omitted); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). The duty to arbitrate remains one of contract; a court cannot compel parties to arbitrate issues they have not agreed to submit. *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986); *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006); *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990).

The motion to compel is analyzed as to Uribe and McInnis, who signed consent-to-join forms. They both worked at an MRI-owned Casa Olé, and McInnes also worked at a Turner-Restaurant-owned Casa Olé.

### B.    Uribe

Uribe worked at an MRI-owned and operated Casa Olé, but not at one owned and operated by Turner Restaurants. MRI has produced a copy of the written arbitration agreement Uribe signed. (Docket Entry No. 44, Ex. 1). She has not disputed that she signed the agreement. Nor has she asserted that she was a minor or could not read it. There is a written signed arbitration agreement that is not subject to the state-law defenses identified in this suit. Uribe's FLSA claims against MRI are subject to a valid arbitration agreement that covers "all disputes, including statutory and common law claims, whether under state, federal or local law, including, but not limited to, . . . [the] Fair Labor Standards Act . . . ." (*Id.*). The agreement also states that "class actions and collective actions

5

are not permissible under this Agreement." (*Id.*).  Uribe's FLSA claims against MRI cannot be litigated but must be arbitrated, and only in an individual proceeding.

White and Schoffstall argue that the arbitration agreement Uribe signed cannot be applied to an individual like Uribe, who signed a consent-to-join or opt-in form in a pending FLSA collective action, as opposed to a representative plaintiff who initially filed the suit.  But neither the parties' agreement nor the cited case law distinguishes between the enforceability of an arbitration agreement signed by those initiating a collective action and those later signing consent-to-sue forms or opting in.  Because MRI and Uribe entered into a valid arbitration agreement that covers all Uribe's claims, MRI's motion to compel her to arbitrate those claims is granted.

### C.    McInnis

McInnis, unlike White and Schoffstall, previously worked at an MRI-owned Casa Olé.  Like White and Schoffstall, she currently works for a Turner-Restaurant-owned Casa Olé.  MRI moved to compel McInnis to arbitrate her FLSA claims against MRI, but could not produce a written arbitration agreement that she signed.

MRI has asserted and presented evidence that during the relevant period, it invariably required every employee and prospective employee to sign an arbitration agreement as a condition of employment.  MRI also asserted and presented evidence that it cannot produce a copy of McInnis's arbitration agreement because the corporate document-retention policy required the destruction of personnel files three years after the employee "separated" from MRI, and McGinnis left MRI more than three years before the document was subject to discovery.

Although the FAA requires a written agreement to arbitrate, 9 U.S.C. § 4, if the agreement existed but cannot be produced because it has been lost or destroyed, a court may still enforce it and

compel arbitration if the moving party can show its contents and that it was not lost or destroyed in bad faith. *See Bituminous Cas. Corp. v. Vacuum Tanks, Inc.,* 975 F.2d 1130, 1132 (5th Cir. 1992); Tex. R. Evid. 1004; Fed. R. Evid. 1004.  If the moving party makes this showing, the burden shifts to the nonmoving party to put the existence of the agreement in issue.  9 U.S.C. § 4; *Chester v. DirecTV, L.L.C.*, 607 F. App'x 362, 363 (5th Cir. 2015) (per curium) (citing *T & R Enters., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1277 (5th Cir. 1980)).  The nonmoving party puts the existence of an agreement in issue by  "an unequivocal denial that the agreement had been made . . . and [producing] some evidence . . . to substantiate the denial." *T & R Enters.*, 613 F.2d at 1278.

MRI submitted an affidavit from Nancy Cross, MRI's head of human resources.  (Docket Entry No. 18, Cross Aff. at ¶ 3).  Cross stated that during the period McInnis worked at an MRI-owned Casa Olé, MRI required new employees to sign a written arbitration agreement as a condition of employment.  Cross attached to her affidavit examples of the agreements MRI used when McInnis was hired and employed.  (*Id.* at ¶¶ 9, 11, 13).  Cross stated that MRI cannot produce a copy of McInnis's signed agreement because it was destroyed under MRI's routine document retention and destruction policy, which required MRI to destroy an employee's personnel file three years after the employment ended.

MRI has produced evidence of the agreement's contents and the good-faith reasons explaining the inability to produce it in this litigation.  White, Schoffstall, and McInnis have not put the existence of the agreement in issue.  They have not unequivocally denied that McInnis signed an arbitration agreement or the contents of that agreement, much less produce evidence supporting that denial.  Nor have they asserted that McInnis was a minor or that she could not read the agreement.  The existence, content, and enforceability of the agreement between McInnis and MRI

are not in issue.  MRI's motion to compel McInnis to arbitrate her claims against MRI is granted.

### D.    Dismissal or Stay and the Motion for Conditional Certification

All of Uribe's and McInnis's claims against MRI are subject to arbitration.  Under clear and well-established Fifth Circuit law, when all claims are subject to arbitration, they are dismissed in favor of arbitration, not stayed.  *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).  To the extent these claims are before the court, they are dismissed without prejudice in favor of arbitration.

White and Schoffstall ask the court to conditionally certify a collective action of past and present employees at MRI-owned Casa Olés and issue notice to these employees.  They argue that some of these employees may have state-law defenses against enforcing the arbitration agreements, such as minority status or inability to read the document.  They argue that the proper procedure is to first send notice and wait for the opt-in period to expire, then allow discovery into whether any of the opt-in plaintiffs are able to invoke those defenses.  Some courts have followed this approach. *See, e.g., Villatoro v. Kim Son Restaurant, LP*, 286 F. Supp. 2d 807 (S.D. Tex. 2003); *Ali v. Sugarland Petrol*., 2009 WL 5173508 (S.D. Tex. 2009); *Davis v. NovaStar Morg., Inc.*, 408 F. Supp. 2d 811 (W.D. Missouri 2005); *Mowdy v. Beneto Bulk Transp.*, 2008 WL 901546 (N.D. Cal. 2008).  But these courts did so before the Supreme Court decided *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1524 (2013).  That decision dictates a different approach in this case.

The claims that both Uribe and McInnis have asserted or might assert against MRI cannot proceed because they are subject to binding arbitration agreements.  There is no representative plaintiff, or even an opt-in or consented-to-join plaintiff, who has any claims against MRI.  *Genesis Healthcare* requires this court to dismiss the prospective claims against MRI as moot.

In *Genesis Healthcare*, the plaintiff asserted FLSA claims on behalf of herself and other similarly situated individuals. *Id.* at 1527. Before the plaintiff moved for conditional certification, the defendant employer made an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure. The offer gave the representative plaintiff—the only plaintiff—complete relief, including reasonable fees and costs. When the plaintiff did not respond, the employer moved to dismiss for lack of subject matter jurisdiction, arguing that plaintiff no longer had a personal stake in the outcome. The district court agreed and dismissed the action for lack of jurisdiction. The Third Circuit reversed, and the Supreme Court granted *certiorari* to resolve whether and when an FLSA collective action is no longer justiciable because the representative plaintiff's individual claim has become moot. *Id.*

The Court rejected the plaintiff's argument that even after her claims were dismissed, subject matter jurisdiction remained because she retained a personal interest in the collective action and could move to have it certified. *Id.* at 1527-29. The plaintiff pointed to the Supreme Court's decisions in *Sosna v. Iowa*, 419 U.S. 393 (1975), and *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980), which involved class actions certified under Rule 23. *Id*. at 1530. The Supreme Court applied "straightforward" mootness principles and held that conditional certification under the FLSA, unlike class action certification under Rule 23, "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written consent with the court, § 216(b)." *Id*. at 1530. As a result, when the district court dismissed the claims of the representative plaintiff of the collective action, the plaintiff no longer had a personal stake in the action, making it moot and requiring its dismissal.

*Id.* at 1529.

District courts since *Genesis* have denied conditional certification when, as here, the claims of representative plaintiffs were dismissed, including because they were subject to arbitration.  In *Dixon v. NBC Universal Media, LLC*, 947 F. Supp. 2d 390, 392-93 (S.D.N.Y. 2013), the representative plaintiff brought FLSA unpaid-overtime claims against her employer on behalf of herself and all others similarly situated.  The company routinely required employees to sign arbitration agreements that prohibited collective actions.  *Id.* at 393.  The employer moved to compel arbitration and the representative plaintiff moved for conditional certification and issuance of notice. *Id.* at 395.  The court found that the representative plaintiff had signed a valid and enforceable arbitration agreement covering all her claims.  *Id.* at 400-04.  The court denied the motion for conditional certification, reasoning that, "the only plaintiff to opt-in to this lawsuit to date . . . has agreed to arbitrate her FLSA claims, and has waived  the right to bring a collective action with regard to those claims. She therefore lacks any personal interest in prosecuting this action in this Court on behalf of others who have yet to opt in."  *Id.* at 405-06 (citing *Genesis*, 133 S.Ct. at 1529, 1529 n.4.).

In *Beery v. Quest Diagnostics, Inc.*, No. 12-CV-00231 KM MCA, 2013 WL 3441792, at *3 (D.N.J. July 8, 2013), the court dismissed the representative plaintiffs' Equal Pay Act claims against their employer in favor of arbitration, before conditional certification.  The court denied the plaintiffs' motion for conditional certification, despite the fact that four additional employees had filed consent-to-join opt-in documents.  The court reasoned that "[r]etaining jurisdiction over the named Plaintiffs' now-defunct . . . claim, swapping in as plaintiffs the four individuals who filed consent-to-join forms, would be inconsistent with . . . [*Genesis Healthcare*]," because these

10

individuals did not become party-plaintiffs until after conditional certification and court-ordered notice.  Those who filed consent-to-join forms were not parties, much less representative parties, until those steps occurred.  Until then, those who filed consent-to-join forms were in effect, attempting to "join in with claims and parties that never belonged in federal court in the first place." *Id.* at *3 n.2.

As in *Genesis Healthcare*, *Dixon*, and *Beery*, there are no individual representative plaintiffs' claims against MRI.  The individual claims of the individuals who signed a consent-to-join form against MRI or a document opting-in are also subject to dismissal in favor of arbitration, making those claims moot.  No individual claims against MRI remain.  The court lacks subject-matter jurisdiction over the FLSA action against MRI.  The motion for conditional certification of a class of current and former employees of MRI-owned Casa Olés restaurants is denied.

The claims against MRI are dismissed without prejudice.  MRI's request to have the court prospectively dismiss claims that similarly situated MRI employees who later opt in to a certified class might assert is denied.  That request is moot in light of the denial of the motion for collective action certification and the dismissal of the claims against MRI.

## V.   Conclusion and Order

MRI's motion to compel arbitration, (Docket Entry. No. 18), is granted.  The plaintiffs' motion for conditional certification of a class of MRI employees, (Docket Entry No. 13), is denied. The claims against MRI are dismissed, without prejudice.  This decision does not alter the court's previous ruling on conditional certification of, and issuance of notice to, a class of current and

former employees of Turner-Restaurants-owned Casa Olés within the three years before this action was filed.

SIGNED on March 21, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge